The fourth district appellate court of the state of Illinois has now convened the Honorable James a connect presiding our case At this time is the people of the state of Illinois versus Gregory Morris, and it's in raid the detention of Gregory Morris With the council and the number of it is four nineteen. Oh seven five zero Would counsel for appellant please state your name for the record? Paul Appleton your honor. Thank you and for the appellee Richard cook your honor You may proceed. Mr. Appleton Hey, please the court counsel. My name is Paul Appleton. I represent respondent Gregory Morris This case is on appeal from the circuit court of the 8th. Just a circuit Circuit court jury found that respondent remains a sexually violent person pursuant to the sexually violent persons commitment acts Resulting in him remaining civilly committed in a secured facility Your honors we believe that this finding was incorrect and we ask you to vacate it for the following three reasons First the evidence does not support the jury finding that Morris is still a sexually violent person Second the trial court abused its discretion and denying Morris's third motion eliminate concerning the expert testimony thereby resulting in prejudice to my clients and Third the trial court abused its discretion in denying Morris his conditional release which sets a poor policy precedent moving into the future Now with respect to my first point your honors sexually violent persons act is predicated on the possibility that one can engage in treatment and remove the sexually violent person diagnosis from their name and telling them to To be discharged or if they keep that sexually violent person diagnosis to be conditionally released with restrictions Now Morris has completed while he hasn't completed all of the groups required of him He has completed multiple ancillary groups and did speak openly with his individual evaluators about his past indiscretions Another thing in his favor is that he's almost 60 years old. So he's less of a danger to society, which is another protective factor and he did take two penile plasmagraph tests one in 2005 one in 2016 and both were valid with no reaction from him Opposing counsel may state that these results are based on medic medication duloxetine, which is an antidepressant But this is purely speculative as Morris himself has stated that he still attains erections and masturbates Now the statistics and percentages do not favor Morris as substantially likely to reoffend Even the state's expert. Dr. Stanislaus Stated that only 17% of sex offenders reoffend over five years and 27% over 10 Now any reasonable jury would have come to a different conclusion than the one in this case The testimony against Morris here By these experts was highly prejudicial and should have been excluded bringing me to my second point The trial court abused its discretion and denying the third motion and eliminate the expert testimony was extremely prejudicial far away in any probe of value to the state and It is also hearsay without being able to cross these alleged victims Now as far as the hearsay accepts into how experts base their opinion lay person jurors cannot separate graphic details of alleged incidents involving urinating and mouths biting and strangulation shaving genitals of a sexual partner so as not to claim rape and inserting vegetables into past sexual partners, and that's all hearsay from what expert witness This is based their opinion on an actual substantive evidence It's almost impossible possible to do so even with limiting instruction from the judge Now any case law does not compare to the details in this case. Mr. Afton, isn't it always the case? when an expert is explaining What the expert Considered as a basis for the expert opinion. He's rendering Is it always the case that there is the potential that the jury? is going to be considering that as substantive evidence and isn't that one of the factors which The trial court deciding whether the jury should be permitted to hear this has to wait Yeah. Yes, your honor. That is that is the basis of that of the exception to hearsay, but Opposing counsel Cites two cases Lieberman and hooker which deal with this and those deal with past criminal convictions Not allegations as we have here. Well, why does that matter? Why should it matter to the jury when it's evaluating whether or not? the expert is rendering an opinion that's worthy of belief that is It might matter At sentencing if I'm a sentencing judge, has he been convicted or accused unless I heard actual evidence about it Something very but for purposes of whether the jury should be able to Hear this portion of what the expert considered. Why does that matter where he was convicted of it? We believe that just the graphicness of the detail from this from these experts Far aways any precedent that these cases have been brought before us If the experts wanted they did indeed in this case go into grave details concerning his actual Morris's actual rape convictions So there was no need to go into these multiple allegations from victims ten years past Isn't that a matter which is left to the trial judges sound discretion as the court weighs all of these considerations here In this case, that's why we're trying to peel us because the judge did indeed think that limiting instruction from the from him was enough He's stated in multiple times But I do we do not believe that a layperson jury can separate that when two expert witnesses go into grave detail concerning urinating and strangulation and inserting vegetables and sexual partners Mr. Afton, let me ask you a question with treatment providers in the facility Be entitled to rely upon These prior alleged acts or what we might call defendants history in deciding appropriate treatment for him Yes, your honor they do Well, one of them was called as a witness and was asked on cross. Why did you think that? This treatment was necessary or why did you push this or why are you disturbed it? This is something he wouldn't talk about in group. I Don't I don't know that it typically I don't see it happening very often that People that are actually providing the treatment end up calling and maybe there are restrictions Regarding confidentiality on that though. I would question that but they would be entitled to talk about these things You You're correct your honor, but they also You know, there's so there are these convictions and past case precedent uses convictions and not just supposed allegations when The when Morris our client here was not able to we're not able to cross these victims if they wanted to bring up these Alleged allegations then bring the what called the witnesses to the stand so we can actually defend our own clients Well, would some of these behaviors also be reflected in the 81 page story that the defendant respondent wrote Did he highlight some things in his story or did he discuss things in his story that actually relate to some of the allegations? Against him as well as those things that were proven. Well, well with that story I'm a big fan of Stephen King and he writes very graphic and Horrible things in his novels and that was that was stated by dr Roselle on the stand that he likens that to those so You can write a story and send that to somebody that doesn't mean you're gonna actually go do these actions well, I understand that and I like the Reference to Stephen King that puts it in a different perspective And it in addition with with these allegations some of these were These alleged victims were past girlfriends. So possibly something was consensual So when an attorney general comes 10 years to knocking on your door asking about Asking about Morris and accusing them of things They may look back at what they did consensually with disgust and regret and claim. It wasn't consensual Now moving on to my last point we believe the trial court abuses discretion in denying Morris conditional release Now he's been in a secured facility for over 20 years And he needs the chance to be able to be released and integrate himself into society to prove himself Now the conditional release restrictions are lengthy and they're put in place to protect the public Now if he violates these restrictions even a small and technical one, then he'll be right back in the secured facility So since the evidence does not support a finding of Morris still being a sexually violent person The trial court abusing its discretion in denying the third motion eliminate concerning prejudicial expert testimony With confusing limiting instruction and the trial courts abuse of discretion in denying conditional release Respondent respectfully requests that the court vacate the lower courts decision and remand the matter for a new trial Thank you council. We'll hear from Appley Residing judge if I may I apologize to all yes, I apologize to all for my background I clearly don't know how to get the appropriate background. So if that was distracting mr. Upton, I apologize counsel I apologize, but you are not in San Francisco Council mr. Cook May it please the court council good afternoon Your honors assistant attorney general Richard Cook on behalf of the people I Think the important thing to remember here in this case is that the state put on two expert evaluators who conducted comprehensive assessments of respondent And both of those evaluators opine that respond to remain a sexually violent person Respondent put forth his own expert to rebut those evaluators and it was up to the jury to conclude who to credit and and Ultimately decide whether or not respondent remained a sexually violent person here. They clearly chose to credit the state's two evaluators and And those evaluators provided more than sufficient evidence To demonstrate clearing convincing evidence that respondent remained a sexually violent person Going through just a few points that Respondent raised with respect to sufficient evidence. I think The first point with respect to Respondents completion of ancillary groups those Those groups, you know while that progress may be commendable is not sex offender specific, which is something that came up at trial and It's only the sex offender specific treatment. That really is what's essential to Making treatment progress in the program itself And kind of along those same lines, you know respondents Although he spoke openly to the evaluators in preparation for trial that again does not Establish that he's making treatment progress treatment progress is only achieved by participating in in disclosure group And then with respect to respondents age that was something that was also addressed throughout trial the In particular both evaluators for the state concluded that his age was insufficient to warrant any reduction in his risk and Let's see and then with respect to the PPG itself again as opposing counsel pointed out respondent was taking Medication at the time to locks teen which has a known side effect of suppressing sexual arousal With and dr. Stanislaus in particular who's a medical doctor by training. Oh, I'm Added that you know in her practice. She has prescribed this medication to people and those One of the common side effects. She has observed is suppression of sexual arousal More importantly though that that particular test is only part of an overall comprehensive assessment of respondents condition so You know that There's there's still a much bigger picture that the evaluators considered in coming to their conclusion so that that test in and of itself is Not dispositive of whether or not Respondent is a sexually violent person So And then turning to respond in second point The truck or did not abuse his discretion in denying the third motion limine The reliance on uncharged Offenses is something that's that this court has found is ordinarily relied on by experts in the field And in this case in particular both evaluators explained why they found they found those prior offenses Particularly trustworthy in their overall assessments and that was because They bore striking similarity to those criminal convictions in that They combined sex acts with various forms of violence bondage or abduction. So So on that basis they They were allowed to consider them as the basis of their opinion and not not for the truth of the matter asserted But but simply for the purpose of coming to a medical diagnosis And then with respect to the risk of unfair prejudice that that may have been caused Or the risk of prejudice that may have been caused by that that was alleviated by the courts limiting instruction um You know previously it's been found that that other cases have found that giving that limiting instruction at the end of trial is sufficient to alleviate the concerns of Experts relying on this sort of giving basis of opinion testimony and and You know the risk that unfair prejudice will result however In this case in particular the court went further and gave that limiting instruction before every single expert testified and that was at respondents request so So so The jury was told it was at the forefront of the jury's mind at every step of the way that they should be Cognizant of the fact that this is only basis of opinion testimony is not substantive evidence And Then turning to the final point the trial court did not abuse its discretion in declining to proceed on with conditional release Pardon me. Let me back up The trial court did not abuse discretion when it declined to consider modifying respondents commitment to conditional release It and again here I think it's important to point out that respondent only Asked for conditional release after they had already gone to trial on a petition for discharge. He had never petitioned He had never petitioned for conditional release up until this point And and the sole basis for for that request was the evidence adduced at trial the the trial court judge did say on the record he had considered the testimony and evidence and Ultimately concluded that conditional release here was inappropriate And although he did not elaborate on that it's clear from the record that that was the correct determination because the standard for conditional release is Whether or not respondents made sufficient treatment progress such that he's no longer sexually violent if on conditional release and here both experts Testified that he has not made sufficient treatment progress At all, in fact, he he remains in phase two of treatment where he's been since 2007 and And that progress has stagnated since then and and even his own expert dr. Roselle found that Although he did find that response should be put on conditional release it was only because he had he had aged and because he had Acknowledged that he heard his victims not because he had made progress in treatment. So Considering all the factors together Conditional release was inappropriate here and and the trial court judge did not abuse discretion in reaching that conclusion If there are no questions, we would ask that you affirm the trial court. Thank you. I See, no questions. Let's hear rebuttal Petitioner made three points that I'd like to address very briefly As far as the age used by the expert the state's experts They were they were supposed to be used upon released from his most recent incarceration Or that's that that is what part of me. That's what they did use it on of the age of 33 as opposed to the age He is now 56 or 57 almost 60 As far as the percentages and stats we see before us That they do not necessarily mean is he would reoffend in the future smokers Have a high percentage of lung cancer many smokers live to a ripe old age and many non smokers die from lung cancer unfortunately, and Finally as far as the limiting instruction No case law has dealt with these graphic details in this case of alleged incidents They all deal with especially the one cited deal with actual convictions in the past and For all those reasons we ask you to reverse the lower courts ruling Thank You counsel, we'll take this matter under advisement and recess until tomorrow